IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| DANNY LEE WARNER, JR., <br><br> Plaintiff, <br><br> v. <br><br> TOM PATTERSON et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:08-CV-519 TC <br><br> District Judge Tena Campbell |

Plaintiff Danny Lee Warner, Jr., currently confined at the Florence Correctional Center in Arizona, filed this *pro se* civil rights suit under 42 U.S.C. § 1983 while confined at the Utah State Prison.  *See* 42 U.S.C.A. § 1983 (West 2012).  Plaintiff was allowed to proceed *in forma pauperis* under 28 U.S.C. § 1915.  On October 27, 2011, the Court issued a Memorandum Decision and Order partially granting and partially denying Defendants' motions for summary judgment (Doc. no. 81).  Before the court is Plaintiff's motion for summary judgment on all remaining claims.

I.  Introduction

Plaintiff is an adherent of the Odhvegr religion, also known as Odinism or Asatru. Plaintiff's Complaint asserted numerous claims under 42 U.S.C. § 1983, the First and Fourteenth Amendments, the Due Process Clause, and the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA) based on alleged interference with his right to freely exercise his religion while confined at the Utah State Prison.  Plaintiff also asserted an equal protection claim based

on the denial of certain religious accommodations that are allegedly provided to inmates of other faiths.

In its Memorandum Decision and Order of October 27, 2011, the court granted summary judgment for Defendants on all claims except: (1) Plaintiff's RLUIPA claim based on denial of fast-boxes for observance of the Winter Nights period, (Doc. no. 81 at 27); (2) Plaintiff's equal protection claim based on the denial of fast-boxes (Doc. 81 at 35); and (3) Plaintiff's First Amendment claim based on the blanket ban imposed on publications from National Vanguard Press (Doc. 81 at 39-40).  Plaintiff now moves for summary judgment on each of these claims. Plaintiff seeks declaratory and injunctive relief against Defendants in their official capacities. Plaintiff also seeks compensatory, punitive and nominal damages, attorney fees, and costs against each of the remaining Defendants in their individual capacities.

## II.  Plaintiff's Motion for Summary Judgment

Defendants concede that Plaintiff is entitled to declaratory relief on his remaining claims; however, they assert that this relief should only be granted against the two defendants who were ultimately responsible for the violations.  Defendants further concede that Plaintiff is entitled to nominal damages on his constitutional claims, but they contend that all other damages are barred under the Prisoner Litigation Reform Act (PLRA) based on the lack of any accompanying physical injury.  *See* 42 U.S.C.A. § 1997e(e) (West 2012).  Finally, Defendants assert that Plaintiff's requests for injunctive relief are moot because he is no longer incarcerated in Utah. The court will address each of these arguments in turn.

## A. Declaratory Relief

Defendants concede that declaratory relief is appropriate on each of the remaining claims but contend Plaintiff has not shown that each of the remaining defendants were directly responsible for the violations. Defendants assert that the only defendants who can be held responsible are Clint Friel, who authorized the blanket ban on National Vanguard Press publications, and Jeff Koehler, who made the decision to deny fast-boxes to Plaintiff for the entire Winter Nights period. Although Plaintiff does not dispute that Friel and Koehler were ultimately responsible, he asserts that each of the other remaining defendants were also directly involved on some level. Because the other defendants were not in a position to make policy and were only acting under the direction of others, the court concludes that declaratory relief is only appropriate against Friel and Koehler, who were ultimately responsible for the violations.[1]

## B. Damages

Defendants concede that Plaintiff is entitled to an award of nominal damages in the amount of one dollar for the violation of his First Amendment rights resulting from the National Vanguard Press ban, and one dollar for the equal protection violation stemming from the denial of fast-boxes.[2] However, Defendants contend that Plaintiff cannot recover any other damages because he cannot show a physical injury as required under the PLRA.

---

[1] The court also sees little point in untangling exactly who did what and why given that declaratory relief is intended merely to put officials on notice so as to prevent future violations. Declaratory judgment against the junior defendants would not significantly promote this end.

[2] Both sides agree that monetary damages are not available under RLUIPA in accordance with the Supreme Court's recent opinion in *Sossamon v. Texas*, 131 S. Ct. 1651, 1662 (2011).

The PLRA provides, in pertinent part, that "no Federal civil action may be brought by a prisoner . . . for mental or emotional injury . . . without a prior showing of physical injury." 42 U.S.C.A. § 1997e(e) (West 2012). The Tenth Circuit has interpreted this provision to prohibit an award of compensatory damages absent a finding of actual physical injury. *Searles v. Van Bebber*, 251 F.3d 869, 881 (10th Cir. 2001). An award of nominal damages, however, is mandatory upon a finding of a constitutional violation. *Id*. at 879. Regarding punitive damages, the *Searles* Court noted that the PLRA does not prohibit an award of punitive damages where appropriate, *id*. at 880, and that "as a general rule, punitive damages may be recovered for constitutional violations without a showing of compensable injury." *Id*. at 881. "The legal standard for punitive damages in cases under 42 U.S.C. § 1983 is well established. Punitive damages are available only for conduct which is 'shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Id*. at 879 (quoting *Smith v. Wade*, 461 U.S. 30, 56, 103 S. Ct. 1625 (1983)).

Plaintiff argues that although he cannot show any physical injury, as required under the PLRA, he is still entitled to compensatory damages based on what he describes as a grave "spiritual injury." Plaintiff asserts that the impact of Defendants' actions on Plaintiff's spiritual well-being was far more significant than a mere mental or emotional injury. Even accepting Plaintiff's characterization of his injuries, however, the court does not see any valid legal distinction between the "spiritual injury" asserted by Plaintiff and the "mental" and "emotional" injuries which are expressly addressed in the PLRA. Moreover, although Plaintiff vaguely asserts that punitive damages are warranted, he has not specifically alleged that Defendants were

motivated by evil motive or intent, or acted with reckless or callous indifference. Nor has Plaintiff presented any specific facts to support such a conclusion. Thus, the court concludes that Plaintiff is entitled to only nominal damages on each of his remaining claims.

### C. Injunctive Relief

Defendants assert that Plaintiff's requests for injunctive relief are moot because Plaintiff is no longer incarcerated in Utah. Plaintiff, however, contends that injunctive relief remains necessary given the facts that he has time on his Utah sentence left to serve and that he is likely to be returned to Utah at some point in the future.[3] Plaintiff further asserts that although Defendants have acknowledged the past violations they have not shown that they revised their policies to prevent similar violations in the future. While it does appear that Plaintiff is likely to be returned to the custody of the Utah Department of Corrections at some point, there is little reason to believe that the violations proven here are likely to be repeated. In fact, the record shows that the ban on National Vanguard Press publications was never a formal written policy but resulted from a misinterpretation of otherwise valid prison policies, and that the error has long since been corrected. Regarding the provision of fast-boxes, Defendants have clearly acknowledged that Asatru adherents are entitled to receive fast-boxes for the entire Winter Nights period, subject to the advance request policy, and that Asatru adherents will be accommodated the same as adherents of any other religion in this regard. Thus, the court

---

[3] According to court records Plaintiff recently plead guilty in the U.S. District Court for the District of Arizona to one count of Felon in Possession of a Firearm and Ammunition under 18 U.S.C. §§ 924(g)(1) and 924(a)(2) and was sentenced to sixty-three months imprisonment in federal custody.

concludes that Plaintiff's requests for injunctive relief are moot.

## DECLARATION AND ORDER

Based on the foregoing, **THE COURT HEREBY DECLARES** that:

(1) Defendant Clint Friel violated Plaintiff's right to freely exercise his religion under the First Amendment and RLUIPA by imposing a blanket ban on publications from National Vanguard Press; and,

(2) Defendant Jeff Koehler violated Plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment and RLUIPA by denying Plaintiff fast-boxes for the entire Winter Nights period.

Accordingly, **IT IS ORDERED** that:

(1) Plaintiff's Motion for Summary Judgment (Doc. no. 55) is **GRANTED**;

(2) Plaintiff is awarded nominal damages in the amount of one hundred dollars ($100.00) for the violation of his equal protection rights and one hundred dollars ($100.00) for the violation of his First Amendment rights;

(3) Plaintiff's requests for compensatory and punitive damages, injunctive relief, and attorney fees[4] are **DENIED**; and,

(4) Plaintiff may request costs, including the full amount of any payments made toward

---

[4] The Court notes that Plaintiff has represented himself throughout this litigation and, therefore, is not entitled to an award of attorney fees. However, the Court wishes to commend Plaintiff for the zealous defense of his rights and for the exemplary manner in which he has litigated his claims here.

the filing fee assessed in this case, by filing a proper motion within thirty (30) days from the date of this order.

DATED this 13th day of September, 2012.

BY THE COURT:

*Tena Campbell*
TENA CAMPBELL
United States District Judge